Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
|---|---|
| ROBERT A. CLARK, | Case No. 2-19-bk-11760-MCW |
| | **TRUSTEE'S RECOMMENDATION** |
| | Deadline is January 17, 2020 |
| Debtor. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. The secured debt to be paid to Vantage West Credit Union is to be reduced to $31,933.49 as stated in the creditor's proof of claim, to be paid at the rate of 6% interest as stated in the Plan.

2. According to the proof of claim, the Arizona Department of Revenue and the IRS has estimated the Debtor's 2017 tax liability. The Trustee will not recommend confirmation of the Plan until such time as the Arizona Department of Revenue and the IRS amends the Proof of Claim to show the actual amount of the tax liability.

3. The Trustee notes that the Debtor is married, but his spouse has chosen not to file bankruptcy. The Trustee requires the Debtor to provide a sworn affidavit stating that he has included all of his and his spouse's community property including, but not limited to, checking

accounts, real property, and vehicles on the bankruptcy schedules. The Trustee also requires copies of non-filing spouse's two most recent pay stubs.

4. The Trustee requires Debtor to complete the Self-Employment Questionnaire and return to the Trustee no later than January 13, 2020.

5. Based on the Meeting of Creditors Debtor's Spouse has new employment. Schedules I & J shall be amended to include current income and employment information.

6. Debtor is self employed. Pursuant to Local Rule 2083-2(b)(2), the Debtor is required to file monthly operating statements. Monthly statements are due for September 2019 through November 2019.

7. The Trustee notes that the Debtor's 2018 tax returns show that the Debtor earned income from the operation of a business named K-ent. However, the Debtor's Statement of Financial Affairs and Schedule A/B fail to list the Debtor's interest in the business. The Trustee requires the Debtor to amend the Statement of Financial Affairs and Schedule A/B. The Trustee further requires the Debtor to provide a written statement regarding the current status of the business and provide a list of any business assets. The Trustee reserves the right to request additional business documents in a supplemental Recommendation.

8. The proof of claim filed by Deutsche Bank PHH Mortgage (claim 5) differs from the creditor's treatment under the Plan or is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve the discrepancy before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan

- 2 -

will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

9. The Plan fails to provide for the leases listed on Schedule G. The proposed Stipulated Order Confirming Plan must rectify this issue. If the Debtor seeks to reject any of the leases, he/she must either obtain the signature of the creditor on the Stipulated Order Confirming Plan or file an amended Plan.

10. The Trustee notes that the Debtor's spouse has an interest in real property located at 4601 N. 102nd Ave, Unit 1006, Phoenix, Arizona. The Debtor failed to disclose this asset on his bankruptcy schedules. The Trustee requires the Debtor to provide a written explanation for this discrepancy and amend Schedule A/B accordingly.

11. Schedule J indicates Debtor's Monthly Net Income of $3,443.00, yet the proposed plan payment is only $1,400.00 for months 1 through 24, then $2,070.00 for months 25 through 60. In consideration of the Trustee not objecting to the debtor's failure to devote all disposable income to the Plan and based on the Debtor's interest in non-exempt property, the proposed Stipulated Order Confirming Plan must state that all allowed unsecured claims will be paid before the Plan may be deemed complete and the Debtors granted a discharge.

12. Based on the proof of claim filed by Deutsche Bank (PHH Mortgage), the Debtor is delinquent $85.96 on pre-petition mortgage payments. If Debtor intends to pay the debt directly to the secured creditor, the Stipulated Order Confirming Plan must provide the following language:

PHH Mortgage secured by a first deed of trust in the Debtor's residence, shall be paid the pre-petition arrearage of $85.96 with 0% interest. Regular post-petition payments, including all post-petition mortgage fees and expenses shall be paid directly by Debtor to the secured creditor.

13. The Trustee requires Debtor to provide statements for the USAA account and an additional account ending in #3783 for the month before and the month of filing including the filing date of September 15, 2019. Also, please provide statements for all Chase Accounts for the month prior to filing.

14. Based on the bank statements provided, the Chase account #6532 balance was $1,205.48 and the Chase account #1705 balance was $72.34 on the petition filing date. However, Schedule A/B lists a bank account balance of $400.00 and $50.00. The Trustee requires the Debtor to file an Amended Schedule A/B to disclose the correct bank account balances on all accounts, including the USAA account and the additional account ending in #3783.

15. The Stipulated Order Confirming Plan must state the correct plan payment start date of October 15, 2019.

16. **PLAN PAYMENT STATUS:** The Debtor's interim payments of $1,400.00 each are current through due date November 15, 2019. Subsequent payments are due each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! and follow the instructions.

17. **OTHER REQUIREMENTS:**

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to

- 4 -

the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2019 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of

the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10(b), by January 17, 2020, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Russell Brown
2019.12.13
12:06:23 -07'00'

Copy mailed or emailed to:
ROBERT A. CLARK
10014 WEST HIGHLAND AVENUE
PHOENIX, AZ 85037

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
TOM@NWRELIEF.COM

Digitally signed by Debra Toner
Date: 2019.12.16 09:51:11 -07'00'

*dtoner@ch13bk.com*